■ MARVIN KATZ et al., Appellants, v SOMERSET LEISURE HOMES, INC., et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the defendant Somerset Leisure Homes, Inc., may only assess and collect its operating expenses from its tenants shareholders on a per share basis, the plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County (Ramirez, J.), entered September 10, 1986, as, upon granting that branch of the defendants' motion which was for partial summary judgment on their first counterclaim, awarded the defendant Somerset Leisure Homes, Inc., the sum of $4,997.79.

Ordered that the judgment is reversed insofar as appealed from, with costs, the provision which awarded the defendant Somerset Leisure Homes, Inc., the sum of $4,997.79 is deleted,

and the aforementioned branch of the defendant's motion is denied.

As the Court of Appeals noted in *Winegrad v New York Univ. Med. Center* (64 NY2d 851, 853): "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case * * * Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers".

In this case, the affidavit submitted in support of that branch of the defendants' motion which was for partial summary judgment on the first counterclaim raises a triable issue of fact as to the amount of maintenance owed to the defendant Somerset Leisure Homes, Inc. Moreover, there was no request for prejudgment interest from January 1, 1982, with respect to the maintenance claim, and the opposing papers clearly raise an issue of fact as to the defendants' entitlement to that interest, as well as an award of costs and disbursements with respect to the maintenance claim.

Accordingly, the defendants failed, as a matter of law, to establish their right to a monetary award in the sum of $4,997.79. Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.